The opinion of the Court was delivered by '
Bermudez, C. J.
This is a suit for the nullity of a tax sale. The plaintiff complains that on the 21st of February, 1880, he became the adjiidicatee of the land, under a foreclosure of the mortgage granted to him on the 26th of February, 1874, hy E. E. Lauve, the owner; ‘ that the title set up thereto by the defendant as the universal legatee and testamentary executrix and widow of Geo. G. Blodgett, hy virtue of a tax adjudication made for $42.88, whereof $33.88, paid by her said husband on the 14th of February, 1874, with other lands, is a nullity; because the property was assessed iu the name of C. J. Florian, who did not own it; because no notice of seizure was served on said Lauve, whose title was of record in the proper book; because no legal notice or advertisement of tlie sale was given or published; because, no taxes were due. ' ■■
The defense set up consist in the tax adjudication assailed, and. eventually in a claim for improvements.
*108 Prom a judgment iu favor of plaintiff, the defendant has appealed.
The assessment of the land in the name of C. J. B. Florian, who had ceased to he the owner since 1812, was in- flagrant violation of law. The property liad successively passed to several parties and was Anally acquired by E. E. Lauve, in 1861, when his act of purchase was put on the public record, in conveyance hook 8, No. 6, on September 17th, 1861.
It is well established, on principle and by authorities, that a tax sale of property assessed iu the name of one who is not the owner, without service of any notice of seizure ou the real owner, is an absolute nullity and passes no title. Cooley on Tax, 259, 307; Burroughs 210, 222 ; 32 A. 912, 924; 32 A. 520; 19 A. 185.
This material irregularity suffices to vitiate the sale. We are therefore dispensed from considering the other grounds of nullity urged.
It does not appear that the cabins put up on the land were erected by the defendant at her expense. -It rather seems that they wore constructed by tenants, or occupants under her, and with materials taken from the spot.
She can, therefore, recover neither in her own right, nor in those of said parties. 32 A. 135. But her right, if any she has, to demand a reimbursement of taxes, legally due and paid on the property, should he and are reserved.
Judgment affirmed with costs.